[Civ. No. 1372.    Second Appellate District.—September 19, 1913.]

## SAM SCHENCK et al., Appellants, v. DAVE HIRSHFELD, Respondent.

WAGERS—RIGHT OF PARTY TO WITHDRAW OR RECOVER MONEY.—A court will entertain an action on behalf of a party to a wager when he seeks to withdraw his money from the contest before the happening of the event upon which the wager is conditioned, if the wagering agreement does not violate a criminal statute. This relief is granted upon the ground that he who repents of an act which is frowned upon by the law will be furnished aid in withdrawing the consideration ventured.

ID.—ELECTION WAGER—MISDEMEANOR—RECOVERY OF MONEY.—But to wager money on an election is a misdemeanor, under section 60 of the Penal Code, and therefore the money cannot at any time be recovered from the stakeholder. Courts will not lend their aid to enable persons who have committed a public offense to recover the property which was used in the perpetration thereof.

APPEAL from a judgment of the Superior Court of Kern County.    J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, and Thomas Scott, for Appellants.

T. M. McNamara, and C. L. Claflin, for Respondent.

JAMES, J.—Plaintiffs and one Coyne wagered five hundred dollars each upon the event of an election. Defendant acted as the stakeholder. After the election had been held and the result declared, a proceeding in contest of the election was instituted, and before the money had been paid over or the contest decided, plaintiffs in writing notified the stakeholder that they repudiated the wager and demanded the return of the five hundred dollars deposited by them. Their demand was refused. The foregoing is a brief statement of the facts set out in the complaint of plaintiffs, to which complaint defendant interposed a demurrer. The trial court sustained the demurrer without leave to plaintiffs to amend, and from the judgment which followed plaintiffs appealed.

Contracts of wager, or betting, fall generally within a class which are said to be void because they contravene the policy of the law. It will serve no useful purpose here to trace the course of judicial decisions in dealing with actions growing out of such disputes, further than to observe that betting contracts were in early English times allowed to be enforced in the courts, but that later it became the settled view of the judges that any person who indulged in that species of gambling should have no right to call upon the arm of the law to aid him in compelling the opposite party to fulfill his promise. That the only assurance upon which a wager could rest was the sometimes uncertain one of "the honor of a gambler." But while leaving the party without redress for a default by the other in his obligations, the courts did and continue to, entertain a cause of action on behalf of the parties to wagering engagements where such persons seek to withdraw their money from the contest and so quit the unsavory relationship. This relief is granted upon the ground that he who repents of an act which is frowned upon by the law will be furnished aid in withdrawing the consideration ventured. Courts have differed as to whether a man should be allowed to "repent" after it has been determined that he has lost his money, some holding that money wagered may be withdrawn at any time before the stakeholder has paid it over to the winner (See Beach on Modern Law of Contracts, sec. 1490, and authorities there cited); others, among them our own supreme court, state the law to be that the withdrawal of the money may be made and enforced only up to the time of

the happening of the event upon which the wager was conditioned. (See *Gridley* v. *Dorn,* 57 Cal. 78, [40 Am. Rep. 110].) All of these decisions, however, consider situations where the engagement of the parties does not amount to the violation of a penal statute. In other words: A contract of wager as to some subjects may not be unlawful in the sense that it comes within the express definition of a statute creating a public offense; then the parties may carry out their agreement and they commit no crime by so doing; the wagerers, when they deposit the money with the stakeholder do so lawfully, and the act of the stakeholder receiving it is free from unlawful taint. In such cases the law will aid the parties in rescinding the agreement and in regaining the money or thing which they ventured upon the hazard of chance. (Anson on Law of Contract, p. 257, par. 265.) But not so where the act of wagering is made a penal offense under the law. Such was the condition that affected the transaction narrated in plaintiff's complaint. By section 60 of the Penal Code it is declared: ''Every person who makes, offers, or accepts any bet or wager upon the result of any election, or upon the success or failure of any person or candidate, or upon the number of votes to be cast, either in the aggregate or for any particular candidate, or upon the vote to be cast by any person, is guilty of a misdemeanor.'' By section 659 of the same code, every person who aids another in the commission of a misdemeanor is also guilty with the principal offender. So in this case, when plaintiffs deposited the five hundred dollars with defendant they committed a misdemeanor; defendant likewise committed a misdemeanor in accepting the money on the conditions stated. Shall the courts then lend their aid to enable persons who have committed a public offense to recover the property which was used in the perpetration thereof? It would seem that the plaintiffs, upon their own statement of the facts, have shown themselves not to be entitled to seek aid in a court of justice. The demurer to the complaint was, therefore, properly sustained.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 18, 1913.