[Civ. No. 3408.  First Appellate District, Division One.—October 6, 1920.]

## ADA E. MATHEWS, Appellant, v. WILLIAM H. MATHEWS, Respondent.

[1] DIVORCE — INTERLOCUTORY JUDGMENT — PERMANENT ALIMONY — FAILURE TO INCLUDE IN FINAL JUDGMENT—EFFECT OF.—Where an interlocutory judgment of divorce, granted to the wife, provides for the payment by the husband of a certain sum per month as permanent alimony, the failure of the trial court to carry into its final judgment such provision for alimony does not in or of itself entitle the husband to an order relieving him from the requirements of the interlocutory judgment in that behalf.

[2] ID.—JUDICIAL DETERMINATION OF RIGHT TO ALIMONY—JURISDICTION TO MODIFY JUDGMENT.—When the trial court by its judgment requires the husband to pay alimony and that judgment is not appealed from or vacated, it stands as the judicial determination of the right of the wife to such alimony, subject always to the retention by the court of jurisdiction to modify its judgment from time to time in that respect.

[3] ID.—SILENCE OF FINAL JUDGMENT — ACQUIESCENCE IN PREVIOUS JUDGMENT—PRESUMPTION.—Silence of the final judgment of divorce in respect to alimony must be construed to be acquiescence in the correctness of the previous judgment on that subject.

[4] ID.—BASIS FOR ALIMONY ALLOWANCE—AGREEMENT OF PARTIES—RIGHT OF COURT TO MODIFY JUDGMENT.—Where, notwithstanding a stipulation between the parties as to what the court might do with respect to permanent alimony if at the trial of the cause a divorce be awarded the wife, the court takes evidence, and its interlocutory judgment makes no reference to the stipulation, it must be assumed on appeal, in the absence of further showing, that the award of the trial court was based upon the proofs taken at the trial, rather than upon agreement of the parties; and under such circumstances the trial court at all times has power to modify its order in respect to alimony.

[5] ID.—MOTION TO MODIFY JUDGMENT — GRANTING ON SPECIAL GROUND—APPEAL—IRRELEVANCY OF OTHER GROUNDS.—Where the motion of the husband to modify an interlocutory judgment of divorce by vacating the portion thereof which provides for the payment of alimony is made upon several grounds, and the trial court does not make a general order granting the motion, but makes a special order granting the motion, and assigns therein the reason for its action, the husband, on appeal from such special order, is limited to the reason assigned by the trial court for its action and may not urge that the motion was properly granted upon some other ground.

APPEAL from an order of the Superior Court of San Mateo County vacating the alimony provisions of an interlocutory judgment of divorce. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

H. W. Glensor and Aitken, Glensor, Clewe & Van Dine for Appellant.

Ross & Ross for Respondent.

KINSELL, J., *pro tem.*—Appeal from a special order of the superior court of San Mateo County, granted on motion of defendant for an order vacating the portion of an interlocutory judgment allowing plaintiff alimony.

Plaintiff instituted the action for divorce on grounds of extreme cruelty. Before trial a written stipulation was entered into between the parties which provided, among other matters, that if the court awarded a decree of divorce to plaintiff thirty dollars per month might be awarded to plaintiff as permanent alimony. **[1]** Thereafter an interlocutory judgment was granted to plaintiff which provided that defendant pay plaintiff thirty dollars per month as permanent alimony. This interlocutory judgment was not appealed from nor modified, and the necessary time having elapsed, final decree of divorce was entered, which decree was silent on the subject of maintenance or alimony.

Shortly after six months from the the entry of such final decree defendant moved to modify the interlocutory judgment by vacating the portion thereof which provides for the payment of alimony. Such motion was made upon the grounds that the final decree did not contain any direction as to the payment of alimony and that the financial circumstances of the parties had so changed as to make the requirement as to payment of alimony unjust. The motion was supported by the affidavit of defendant, alleging changes in the financial situation of the parties, as well as other matters immaterial to our consideration of the case. Plaintiff filed a counter-affidavit setting forth the stipulation above referred to, and joining issue with the averments

of defendant's affidavit as to the financial status of the parties.

The motion having been submitted the trial court made the following order: "Payment of alimony provided in the interlocutory decree herein was not carried into the final decree and hence alimony herein cannot now be collected."

It is respondent's contention, apparently approved by the trial court, that since the final decree made no reference to the subject of alimony, he is entitled to relief from the payment required by the interlocutory judgment.

With this contention we cannot agree. The failure of the court to carry into its final decree the provisions for alimony provided in the interlocutory judgment does not in or of itself entitle the husband to an order relieving him from the requirements of the interlocutory judgment in that behalf. By section 137 of the Civil Code, it is provided that when an action for divorce is pending the court may require the husband to pay as alimony any money necessary to enable the wife to support herself and her children. [2] Thus when the court by its judgment does require the husband to pay alimony and that judgment is not appealed from or vacated, it stands as the judicial determination of the right of the wife to such alimony, subject always to the retention by the court of jurisdiction to modify its judgment from time to time. in that respect.

That the court may modify its orders with respect to alimony there can be no question. It is so provided in Civil Code, section 139, and our courts have so held. (See *Howell* v. *Howell,* 104 Cal. 45, [43 Am. St. Rep. 70, 37 Pac. 770] ; *Soule* v. *Soule,* 4 Cal. App. 97, [87 Pac. 205].)

In *Bancroft* v. *Bancroft,* 178 Cal. 367, [173 Pac. 582], our supreme court said: "It is well settled that an interlocutory decree of divorce is only subject to attack in the proceeding in which it is entered upon appeal, or by proceedings under section 473 of the Code of Civil Procedure, within six months after the entry of such decree, and that after the expiration of the period within which either of these forms of attack may be made, the trial court is without jurisdiction to alter or set aside its interlocutory decree." That is a correct statement of the law, but is not intended to nor does it mean that provisions in such

interlocutory decree for payment of alimony may not be modified.

In the instant case the right to alimony was presented and litigated in the action and established by the interlocutory judgment. The trial court would have the right to modify the order in that respect in and by the final decree, as well as before or after entering the same—but it did not do so, nor can it be said that the judgment was modified by the final decree in respect to alimony simply because such decree is silent on that subject. [3] On the contrary, silence at such time must be construed to be acquiescence in the correctness of the previous judgment on that subject.

[4] It is urged by appellant that the alimony provisions of the interlocutory judgment cannot be modified because they were fixed by agreement of the parties. We cannot assume in this case that such provisions were fixed by agreement. The so-called agreement is simply a stipulation as to what the court might do with respect to permanent alimony if at the trial of the cause a divorce were awarded plaintiff. Since at such trial evidence was taken, and the decree makes no reference to the stipulation of the parties concerning alimony, we must assume, in the absence of further showing, that the award of the trial court was based upon the proofs taken on the trial, rather than upon agreement of the parties. Under such circumstances the court at all times has power to modify its orders in respect to alimony. (*Soule* v. *Soule, supra.*) No showing having been made that the requirements of the interlocutory judgment as to payment of alimony were made pursuant to agreement of the parties, it is unnecessary for us to decide whether the court would lose its right to modify an order based solely upon such agreement.

[5] Respondent urges that because of the fact that his motion sought relief on the further ground that the financial circumstances of the parties had changed we should uphold the ruling of the lower court. We are cited to numerous authorities holding that in the event of a ruling by the lower court on a demurrer or motion for new trial, the respondent is not limited to the reason assigned by the trial court for its action, but may urge all the grounds specified in his demurrer or notice of motion. (*Burke* v.

*Maguire,* 154 Cal. 461, [98 Pac. 21]; *Morgan* v. *Robinson,* 157 Cal. 348, [107 Pac. 695].) The soundness of these decisions cannot be questioned, but they are not applicable to the present case.

This appeal is prosecuted from the special order of the trial court above quoted. The proceeding was instituted by defendant's motion. The court did not grant such motion, but made an order which shows by its very terms that it was based upon the proposition that a provision for the payment of alimony in an interlocutory judgment of divorce cannot be enforced unless it is carried into the final decree. Such is not the law. The trial court's order was erroneously made and is reversed.

Richards, J., and Waste, P. J., concurred.