[Civ. No. 9002. First Appellate District, Division Two.—October 11, 1933.]

MARY E. TAYLOR, Respondent, v. NORA TALBERT, Appellant.

Robert L. Hubbard for Appellant.

L. G. Shelton and Dora Dukeshire for Respondent.

NOURSE, P. J.—Plaintiff sued to quiet title to real property and had judgment.

While plaintiff and her husband, now deceased, were living together as husband and wife they acquired the property, most of the purchase price having been paid from the separate property of the wife, the balance from the community earnings of husband and wife. The husband had no separate property. Eight years later the wife was induced to participate in conveyances which transferred the entire property to husband and wife as joint tenants. They became estranged and the husband, a man of eighty-one years, was taken to the home of his daughter by a former marriage, the defendant herein. Immediately thereafter the husband conveyed by deed his entire interest in the property to the defendant and this deed was recorded. Four months later the husband died.

The cause was tried on the theory expressed in *Siberell* v. *Siberell,* 64 Cal. App. Dec. 144 [295 Pac. 385], that in a transaction of this nature the wife took an undivided one-half interest as her separate property and the other one-half interest as community. Because of that decision the issue of fraud raised in the complaint was not tried. Since the entry of judgment the Supreme Court rejected the rule of the Siberell case and held that each spouse took an undivided one-half as separate property with all the incidents of joint tenancy, including the power to dissolve the

estate by deed. (*Siberell* v. *Siberell,* 214 Cal. 767 [7 Pac. (2d) 1003]; *Delanoy* v. *Delanoy,* 216 Cal. 23 [13 Pac. (2d) 513]; *Estate of Kessler,* 217 Cal. 32 [17 Pac. (2d) 117].)

Respondent argues that, notwithstanding this ruling we should affirm the judgment because of the equities supporting it, basing her argument on the evidence that, without legal advice, she was induced to part with her separate property through the creation of the joint tenancy. It may be that the transactions were a fraud upon the wife under the terms of section 2235 of the Civil Code, as interpreted in *McKay* v. *McKay,* 184 Cal. 742 [195 Pac. 385], but that issue was not tried because the trial court limited respondent to the theory of the original Siberell decision. Hence the record does not present a case where this court could affirm the judgment upon the evidence before us; it is one where the issue should be fully tried in the trial court.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.