[Civ. No. 12351. First Dist., Div. One. Aug. 28, 1943.]

TOM KYNE, JR., a Minor, etc., Appellant, v. TOM KYNE, Respondent.

Allen Spivock, Philander B. Beadle and Samuel Hauser for Appellant.

John Elliott Cook for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal from an order denying appellant's application for further attorneys' fees and costs. In order to understand properly the issues involved upon this appeal it is necessary to review briefly the history of this litigation.

In November, 1935, plaintiff, Tom Kyne, Jr., brought this action against defendant and respondent Tom Kyne, to establish his paternity and obtain support, costs and counsel fees under section 196a of the Civil Code. Before trial, in August, 1936, plaintiff, through his guardian, employed Allen Spivock to act as his attorney under a written contract approved by the superior court, which contract provided for a forty-five per cent contingent fee for prosecuting said action and for procuring all necessary court costs. On December 16, 1937, after three jury trials, judgment was entered establishing respondent as the father of appellant child. The judgment ordered respondent to pay $100 per month from the date of birth to January 15, 1938, and the sum of $60 monthly thereafter for the support of said child. The judgment provided further for the payment of $150 for medical expenses, $3,500 as attorneys' fees and $1,064.20 as costs of suit. This judgment was affirmed by this court on March 22, 1940. (*Kyne* v. *Kyne,* 38 Cal.App.2d 122 [100 P.2d 806].)

In seeking enforcement of the original judgment various proceedings were undertaken, all of which involved legal services and expenses. In one of these, under an execution, the Sheriff of the City and County of San Francisco seized the sum of $7,659.36 in the hands of respondent. Third party claims were filed and after hearing the superior court upheld said third party claims. Upon appeal from such order it was affirmed by the District Court of Appeal but a hearing was granted by the Supreme Court and the order allowing the third party claims was reversed. (*Kyne* v. *Kyne,* 16 Cal.2d 436 [106 P.2d 620].)

The present proceeding was commenced by an order to show cause why respondent should not be punished for contempt of court for failure to pay the judgment and why he should not

pay reasonable attorneys' fees and costs rendered and expended since the original judgment. Upon the hearing respondent contended that, because a contingent fee agreement was entered into between plaintiff and his counsel prior to the commencement of the trials, the court was prevented from awarding fees and costs as against the respondent father. Respondent also contended that plaintiff was not entitled to further fees and expenses because of misconduct and bad faith on the part of his counsel. The trial judge first made a minute order allowing $3,250 attorneys' fees and $786 costs, but later set this order aside, stating that he had intended it only as a memorandum opinion, and made an order denying the application for payment of these further and additional fees and costs. The trial judge, throughout the course of the proceeding below, insisted that his order was based solely on the theory that, by reason of the contingent fee contract, the plaintiff was foreclosed from obtaining further attorneys' fees and costs from respondent, and in its order denying attorneys' fees, costs and expenses the trial court stated that ''it appearing to the court that the services performed and costs and expenses incurred herein on behalf of plaintiff were rendered and incurred pursuant to a contingent fee contract made in August, 1936, and that therefore this court is thereby precluded from awarding attorney fees, costs or expenses against defendant.

''Now, therefore, It is hereby ordered, adjudged and decreed that neither plaintiff nor his attorneys, or any thereof, is or are entitled to recovery whatever against this defendant for attorneys' fees. . . .''

The only point raised by appellant is that the trial court erred in holding that the execution of the contingent fee agreement precluded the court from awarding counsel fees and costs, and that the order appealed from must therefore be reversed.

It must be taken as settled law in California that, as stated by this court in *Kyne* v. *Kyne,* 38 Cal.App.2d 122 [100 P.2d 806], at page 132, ''In cases under section 196a of the Civil Code the allowance of attorney's fee is predicated upon the theory that such legal services are part of the child's right to support.'' The child is not only entitled to be awarded an amount necessary for his support, but he is also entitled under our decisions to an allowance of attorneys' fees and costs.

Appellant argues that the contingent fee agreement which sought to assign forty-five per cent of all sums allowed for the support of the child was invalid and against public policy. He argues further that when it was determined to be the law in California that the child in an action to establish his paternity is entitled to the allowance of attorneys' fees as part of his right to support, the invalidity of the contingent contract was likewise determined.

We believe that it must be held that the contingent fee contract here involved was against public policy and therefore void. It was the duty of the court to award for the support of the child, whose paternity has been established, an amount sufficient for his support, within the means of the father, and it was likewise the duty of the court as part of the "child's right to support" to make an allowance of attorneys' fees. The amount necessary for the child's support may not be reduced by permitting the deduction therefrom or the assignment of a part of said support money for the payment of attorneys' fees, when it is likewise the duty of the court to make an allowance for attorneys' fees as a part of the child's right to support. It cannot be argued reasonably that the contract may be upheld upon the theory that it was necessary to enable the child to establish his paternity in the face of the decisions in *Arais* v. *Kalensnikoff*, 10 Cal.2d 428 [74 P.2d 1043, 115 A.L.R. 163], and *Kyne* v. *Kyne*, 38 Cal.App.2d 122 [100 P.2d 806], in which the allowance of attorney's fees was held to be part of the child's right of support. It is true that these decisions had not been rendered when the contingent fee agreement was entered into, but this does not, in our opinion, alter the legal situation or render said agreement less contrary to public policy.

We are not aware of any decision where the precise question here presented was involved. But in the case of *Lynde* v. *Lynde*, 64 N.J.Eq. 736 [52 A. 694, 97 Am.St.Rep. 692, 58 L.R.A. 471], the Supreme Court of New Jersey held that a contract made by a divorced wife with an attorney, under the terms of which he was to bring suit to recover unpaid support money and was to receive one-half thereof for his services was contrary to public policy and therefore void. In that case a large sum had been recovered and the Court of Chancery, which has jurisdiction of divorce matters in the State of New Jersey, had made an allowance of $1,000 as attorney's

fees. The attorney collected a large amount of money for back support and deducted therefrom the proportion that he claimed was due him under the contingent fee contract and remitted the remainder to the wife. She refused to accept it and brought proceedings against the attorney to recover from him the amount he had deducted. In holding the contract void as against public policy and that the wife was entitled to recover back from the attorney the amount he had deducted under the contract, the court, speaking through Justice Pitney, later a Justice of the Supreme Court of the United States, said:

"But there is another question inherent in the admitted facts of this case, and that is, whether the subject-matter of the supposed contract between Westervelt and Mrs. Lynde, to wit, her claim for allowance of alimony against her husband, was of such a nature as to admit of being subjected to an engagement of the kind referred to. It is obvious that if her claim was in its essence not assignable, if it was not property, nor a future interest in property, such as could be passed under an equitable assignment, the supposed contract cannot be sustained, even if made, and made under such circumstances as otherwise would entitle it to recognition and enforcement. For, if her claim was in its nature not assignable, it could not be subjected to an equitable lien by any contract between the parties. And, if any principle of public policy prohibits its assignment, the same result follows. [P. 750.] . . .

"It follows, as a necessary consequence of what has been said, that a wife's claim for an allowance of alimony is a purely personal right, and not, in any sense, a property right. It is, in its nature, not susceptible of assignment by the wife to another, nor capable of enjoyment by her in anticipation. And this result is fully sustained by the authorities. [P. 754.] . . .

"Not only does it follow, from the very nature of alimony, that it cannot be subjected in advance to a charge in favor of the solicitor through whose services it is awarded, but a like result follows from the plainest principles of public policy. [P. 757.]"

It should be noted that the case just cited was not a case in which the agreement was entered into before the divorce proceedings were commenced but was an agreement entered into after the divorce had been granted, so that the decision

of the court that the agreement was against public policy was not, in any sense, based upon the ground that it might encourage or promote the granting of a divorce or prevent a reconciliation, which was the chief ground upon which the contract in *Newman* v. *Freitas,* 129 Cal. 283 [61 P. 907, 50 L.R.A. 548], was declared void. However, in *Newman* v. *Freitas* the court also said, at page 292:

"Contracts for contingent fees paid attorneys were not tolerated at all at common law, but in this and perhaps most of the states such contracts are allowed, if not favored. This is on the ground that otherwise a party, without the means to employ an attorney and pay his fee certain, and having a meritorious cause of action or defense, would find himself powerless to protect his rights. In divorce cases, however, the law has taken care that the wife shall not be without assistance in proper cases either to prosecute or defend such actions. The court in its discretion may require the husband to pay as alimony any money necessary to enable the wife not only to support herself, but also to prosecute or defend the action, and is given ample power to enforce such order. The reason or necessity therefor does not exist in such cases as in the others for allowing contingent attorneys' fees, and where the reason ceases the rule or law also ceases."

In 1 Cal.Jur. 951, it is stated: "It appears to be a general rule among the courts of this country that a periodical allowance of alimony, whether temporary or permanent, is not susceptible of assignment by the wife to another or capable of enjoyment by her in anticipation of its accrual."

We conclude, therefore, that the contingent fee agreement was void as against public policy because its effect, if carried out, would be to deprive the child of the money necessary for his support and would defeat the very purpose of the statute, which was designed and intended to provide support for an illegitimate child whose paternity had been established. Holding this view we must conclude also that the trial court erred in holding that the execution of said agreement precluded the court from making any allowance for attorneys' fees and costs.

In what we have heretofore said we do not wish to be understood as intimating that the contingent fee agreement, even if valid, would preclude the court from making an allowance for attorneys' fees. The attorneys for appellant have never sought to recover any fees under said agreement and have,

at all stages of the proceedings since the order of the trial court awarding attorneys' fees following the verdict of the jury establishing respondent as the father of the child, disclaimed any intention so to do and renounced any rights under said contract. But in view of our conclusion that said agreement was void it is unnecessary to discuss its effect if valid.

The greater part of respondent's brief is devoted to criticism of the methods employed by appellant's counsel and in accusations and imputations of fraud by appellant's counsel upon the trial court, and unclean hands. Respondent asserts that appellant's counsel did not disclose to Judge Parker the existence of the contingent fee agreement at the time the order allowing counsel fees was made and also that one of the counsel for appellant sought to obtain the sum of $1,000 for providing a bond of $1,000 to hold the money levied upon under the execution hereinbefore referred to pending the appeal from the order of the superior court upholding the third party claim to said money. Respondent cites authorities to support his contention that a court may deny attorney fees where the attorney is guilty of professional misconduct. It is only fair to state that the evidence in this matter is conflicting and that the evidence of any misconduct on the part of appellant's counsel is by no means conclusive. But it is quite clear from the record that the trial judge in denying the application for supplemental counsel fees and costs did so upon the sole ground that the contingent fee agreement precluded the allowance of counsel fees and costs. While it is ordinarily true, as argued by respondent, that the appellate court need not concern itself with the reasons which impelled the trial court to act, as it is the judicial action and not the judicial reasoning or argument which is the subject of review, yet where, as here, the trial court specifically stated that it was not determining, but refused to pass on all other issues except the existence of the contingent fee agreement, an appellate court is not justified in holding that the order may be supported on any of the other issues involved where the determination of those issues depends upon conflicting evidence. If the court had merely made an order denying the application without specifically stating that it did so on the sole ground of the existence of the contingent fee agreement, the argument of respondent upon this point might be upheld.

In *Mathews* v. *Mathews,* 49 Cal.App 497 [193 P. 586], the court said, at page 500:

"Respondent urges that because of the fact that his motion sought relief on the further ground that the financial circumstances of the parties had changed we should uphold the ruling of the lower court. We are cited to numerous authorities holding that in the event of a ruling by the lower court on a demurrer or motion for new trial, the respondent is not limited to the reason assigned by the trial court for its action, but may urge all the grounds specified in his demurrer or notice of motion. (*Burke* v. *Maguire,* 154 Cal. [456] 461 [98 P. 21] ; *Morgan* v. [*J. W.*] *Robinson* [*Co.*] 157 Cal. 348 [107 P. 695].) The soundness of these decisions cannot be questioned, but they are not applicable to the present case.

"This appeal is prosecuted from the special order of the trial court above quoted. The proceeding was instituted by defendant's motion. The court did not grant such motion, but made an order which shows by its very terms that it was based upon the proposition that a provision for the payment of alimony in an interlocutory judgment of divorce cannot be enforced unless it is carried into the final decree. Such is not the law. The trial court's order was erroneously made and is reversed."

In *Taylor* v. *Talbert,* 134 Cal.App. 595 [25 P.2d 888], the court said, at page 597:

"Respondent argues that, notwithstanding this ruling we should affirm the judgment because of the equities supporting it, basing her argument on the evidence that, without legal advice, she was induced to part with her separate property through the creation of the joint tenancy. It may be that the transactions were a fraud upon the wife under the terms of section 2235 of the Civil Code, as interpreted in *McKay* v. *McKay,* 184 Cal. 742 [195 P. 385], but that issue was not tried because the trial court limited respondent to the theory of the original Siberell decision. Hence the record does not present a case where this court could affirm the judgment upon the evidence before us; it is one where the issue should be fully tried in the trial court.

"The judgment is reversed."

 We hold, therefore, that in view of the fact that the trial court specifically stated it was not passing upon the

issues of fraud, unclean hands and misconduct injected into the proceeding by respondent, on all of which issues the evidence was conflicting, but was basing its decision entirely upon the view that the existence of the contingent fee agreement precluded the allowance of attorneys' fees and costs, the order must be upheld, if at all, upon the correctness of that view. An appellate tribunal should not support the order upon the ground that counsel may have been guilty of fraud or misconduct when the trial court specifically declined to do so. Issues of fact are properly tried and determined in the trial court.

In our opinion the trial court erred in its view that it was precluded by the contingent fee agreement from making an allowance to appellant for supplemental attorneys' fees and costs and the order must therefore be reversed. Upon a new hearing all issues involved may be heard and determined.

The order is reversed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied September 27, 1943. Knight, J., voted for a rehearing and filed the following opinion:

KNIGHT, J.—I dissent from the order denying a rehearing. It should have been granted, in my opinion, for two reasons: First, to consider certain facts and circumstances disclosed by the record but not referred to in the decision as filed, tending to show that the trial judge's refusal to allow additional attorneys' fees was not based solely on the question of the validity of the contingent fee contract, but that he concluded also, and irrespective of the question of the validity of the contract, that under all the circumstances and particularly in view of the facts stated in the letter written by the judge who granted the original allowance of $3,500, that said attorneys had already been amply compensated for all services performed; secondly, to consider the question of whether, under the 1939 amendment to section 196a of the Civil Code, and in view of the construction placed on that section, as amended, by the Supreme Court in the recent case of *Carbone* v. *Superior Court,* 18 Cal.2d 768 [117 P.2d 872, 136 A.L.R. 1260], a trial court may, unlike in divorce cases, in the absence of a previous application therefor, grant additional attorneys' fees for past serv-

ices performed subsequent to the rendition of the judgment. The more recent case of *Andrade* v. *Newhouse,* 54 Cal.App.2d 339 [128 P.2d 927], does not, in my opinion, determine that question.

Respondent's petition for a hearing by the Supreme Court was denied October 25, 1943. Schauer, J., voted for a hearing.