KINCAID, J. pro tem.
I dissent. The trial court has impliedly found that the money and War Savings Stamps confiscated by plaintiff from the possession of defendant were not offered for sale or distribution, as required by section 325, Penal Code, as a basis for its forfeiture. Viewing the evidence, as we must, most favorably in support of the judgment, we find that the bulk of the War Savings Stamps and money in question was contained in a metal box which was kept behind a glassed-off compartment of the gaming room where bookkeeping was conducted. The winners of each game, the prize for which was from $2.00 to $10.00 in stamps, depending upon the number of players and the amount played, were paid off in stamps from the pockets of aprons worn by the attendants. The only stamps or money offered for sale or distribution were the actual prizes put up for each game. Such attendants would replenish their aprons with stamps from the box when necessary.
The evidence further shows that stamps from the box were sold to patrons, club members and employees aside from the gaming; that $100 of the money in question was supplied by the auditor to make change and that the box was kept in the club safe downstairs when the games were not in session. Such evidence is sufficient to support the court’s implied finding *Supp. 859 that the stamps and money in question were not offered for sale or distribution as required by section 325, Penal Code.
It is well settled that “. . . a statute imposing a forfeiture should be construed strictly, and in a manner as favorable to the person whose property is to be seized as is consistent with the fair principles of interpretation. The courts will usually give such a construction to statutes providing for forfeiture as will be consistent with justice and the dictates of natural reason.” (People v. One 1939 Plymouth 6 Coupe, (1940), 41 Cal.App.2d 559, 562 [107 P.2d 266].) The instant case is not within the rule laid down in the case of Schur v. Johnson (1934), 2 Cal.App.2d 680, 683 [38 P.2d 844], nor is the trial court’s holding violative of the principle there enunciated that 1 2**5‘ Courts will not lend their aid to transactions founded on illegal contracts or acts in violation of law.” See Niccoli v. McClelland (1937), 21 Cal.App.2dSupp. 759, 765 [65 P.2d 853]; Asher v. Johnson (1938), 26 Cal.App.2d 403, 410 [79 P.2d 457].