[Civ. No. 8726.   Third Dist.   Apr. 3, 1956.]

COLBY G. SMITH, Appellant, v. E. E. FETTERHOFF, Respondent.

Carlton & Shadwell for Appellant.

Carr & Kennedy for Respondent.

SCHOTTKY, J.—Appellant brought this action on an open book account to recover a balance due from respondent for services rendered and materials supplied in connection with the repair of automobiles at the request of respondent. Appellant recovered judgment in the sum of $161.42, plus accumulated interest, on two parts of the book account, but was denied recovery on the third part of $1,006.57.   This appeal is limited to that part of the judgment denying recovery of this sum.

The court found that, except for the sum of $106.09, the services were rendered and materials supplied to respondent

as a known agent for unknown principals (various insurance companies); that the reasonable charges for such services and materials were correctly reflected in appellant's original ledger sheets; that these ledger sheets were kept in the normal course of appellant's business; and that they constituted an open book account for the credits extended to respondent from time to time, and amounts due and owing to appellant from time to time. The court found further that no part of this book account was barred by the statute of limitations. This appeal raises no issue as to the above-mentioned findings of fact.

That part of the book account on which appellant was denied recovery consists of three ledger sheets commencing with an entry for January 28, 1947, and ending with an entry for December 31, 1952. The next to last entry in this portion of the book account, under the date of October 27, 1951, shows a balance due in the sum of $1,006.57. The last entry of December 31, 1952, shows a book credit of $1,006.57, bringing the balance down to zero. Appellant's explanation as to the credit of $1,006.57 shown in said book account was that it was a mere entry for income tax purposes, but the court in finding against appellant on this issue chose to rely upon the entry in the book account, stating in its findings: "That defendant is not indebted to plaintiff in the sum of $1,006.57, or in any sum whatsoever, for any balance due as shown in that portion of the open book account contained in Plaintiff's Exhibit 1."

Appellant contends that it was error to deny recovery of an unpaid balance due merely by reason of a subsequent credit entry that did not reflect an actual payment but was nothing more than a bad debt write-off for income tax purposes. Appellant argues that the court erred in refusing to consider evidence that proved the correct and unpaid balance, because, although a balance due must be shown before recovery can be had on an open book account, evidence is admissible to prove the correctness of the items of the account and the true balance due.

Appellant argues that the trial court decided the case upon the erroneous theory that the entries in the book account were conclusive, and quotes the following from the court's memorandum opinion:

"We have received from the plaintiff an explanation that last transaction was a mere entry for the benefit of the income tax collector, a mere closing out, but, unfortunately for the

plaintiff, he is bound by his records as they stand. It is only by their proof under the facts of this case that he escapes the statute of limitations, and therefore he can only escape it on the face of the record. The rule is concededly technical but it is no more technical than the proof by which he escapes the statute or the liability by which defendant is bound.''

The record shows that the complaint in the instant action was filed on May 14, 1952, and that the open book account as of that date showed a balance of $1,006.57. The credit entry of $1,006.57 was made on December 31, 1952, nearly 8 months after the filing of the complaint. It is clear that the trial court was of the opinion that respondent was bound by the book account as introduced in evidence and refused to consider and weigh the evidence that the credit entry of $1.006.57 made after the action was filed did not in fact show a payment by respondent but was an entry writing off the account as a bad debt for income tax purposes. In this we believe the court erred as the appellant was entitled to have this evidence weighed and considered.

█ While it is ordinarily true, as argued by respondent, that an appellate court need not concern itself with the reasons which impelled a trial court to act, as it is the judicial action as shown in the findings and judgment and not the judicial reasoning or argument which is the subject of review (*DeCou* v. *Howell*, 190 Cal. 741 [214 P. 444]), yet where as in the instant case the trial court refused to consider and weigh evidence upon the erroneous theory that it could not be considered, an appellate court is not justified in affirming the judgment upon the ground that the evidence supports the judgment.

In *Mathews* v. *Mathews*, 49 Cal.App. 497 [193 P. 586], the court said, at page 500:

''Respondent urges that because of the fact that his motion sought relief on the further ground that the financial circumstances of the parties had changed we should uphold the ruling of the lower court. We are cited to numerous authorities holding that in the event of a ruling by the lower court on a demurrer or motion for new trial, the respondent is not limited to the reason assigned by the trial court for its action, but may urge all the grounds specified in his demurrer or notice of motion. (*Burke* v. *Maguire*, 154 Cal. [456] 461 [98 P. 21] ; *Morgan* v. [*J. W.*] *Robinson* [*Co.*], 157 Cal. 348 [107 P. 695].) The soundness of these decisions cannot be questioned, but they are not applicable to the present case.

"This appeal is prosecuted from the special order of the trial court above quoted. The proceeding was instituted by defendant's motion. The court did not grant such motion, but made an order which shows by its very terms that it was based upon the proposition that a provision for the payment of alimony in an interlocutory judgment of divorce cannot be enforced unless it is carried into the final decree. Such is not the law. The trial court's order was erroneously made and is reversed."

In *Taylor* v. *Talbert*, 134 Cal.App. 595 [25 P.2d 888], the court said, at page 597:

"Respondent argues that, notwithstanding this ruling we should affirm the judgment because of the equities supporting it, basing her argument on the evidence that, without legal advice, she was induced to part with her separate property through the creation of the joint tenancy. It may be that the transactions were a fraud upon the wife under the terms of section 2235 of the Civil Code, as interpreted in *McKay* v. *McKay*, 184 Cal. 742 [195 P. 385], but that issue was not tried because the trial court limited respondent to the theory of the original Siberell decision. Hence the record does not present a case where this court could affirm the judgment upon the evidence before us; it is one where the issue should be fully tried in the trial court.

"The judgment is reversed."

And in *Kyne* v. *Kyne*, 60 Cal.App.2d 326, the court said, at page 333 [140 P.2d 886]:

"We hold, therefore, that in view of the fact that the trial court specifically stated it was not passing upon the issues of fraud, unclean hands and misconduct injected into the proceeding by respondent, on all of which issues the evidence was conflicting, but was basing its decision entirely upon the view that the existence of the contingent fee agreement precluded the allowance of attorneys' fees and costs, the order must be upheld, if at all, upon the correctness of that view. An appellate tribunal should not support the order upon the ground that counsel may have been guilty of fraud or misconduct when the trial court specifically declined to do so. Issues of fact are properly tried and determined in the trial court.

"In our opinion the trial court erred in its view that it was precluded by the contingent fee agreement from making an allowance to appellant for supplemental attorneys' fees and costs and the order must therefore be reversed."

In view of the fact that the court concluded that the credit entry made in the book account after the commencement of the action was conclusive and refused to consider and weigh the evidence as to the nature of the entry, and decided the case upon that erroneous theory, we conclude that under the authorities hereinbefore cited the judgment must be reversed.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied April 23, 1956.