[Civ. No. 24232. Second Dist., Div. Two. Feb. 19, 1960.]

CAL-NEVA LODGE, INC. (a Corporation), Respondent, v. LEONARD MARX, Appellant.

Jerome Weber for Appellant.

Aaron Levinson for Respondent.

KINCAID, J., pro tem.*—Appeal by defendant from judgment for plaintiff of $7,620 and interest. The complaint is in one count alleging that defendant received from eight named individuals sums totalling $7,620, for the use and benefit of plaintiff. The answer denied each allegation and alleged one affirmative defense on information and belief that plaintiff is in bankruptcy.

The pretrial conference order incorporated an agreed statement of the parties wherein defendant admitted he did receive the claimed sums of money for the use of plaintiff. The order then stated the only remaining issue in the case is whether payment to plaintiff was made by defendant. The affirmative defense was withdrawn.

Defendant had the privilege of asking that such order be corrected or amended any time before or at the trial. When filed such order supersedes the pleadings where inconsistent therewith and controls the subsequent course of the case unless so modified. (Rules 8.7, 8.8 of Amendments to Rules Relating To Pretrial Conferences, 47 Cal.2d 3 et seq.) No request for an amendment or correction was ever made. The pretrial conference order limited the issues to be tried and the parties are bound by its provisions. (*Baird* v. *Hodson,* 161 Cal.App.2d 687, 690 [327 P.2d 215]; *City of Los Angeles* v. *County of Mono,* 51 Cal.2d 843, 847 [337 P.2d 465].)

Sixteen days before date of trial, defendant's counsel wrote plaintiff's attorney advising that defendant would offer evidence as to illegality of the entire transaction.

---

*Assigned by Chairman of Judicial Council.

At the trial the plaintiff rested its case on the basis of the complaint and the admissions contained in the pretrial statement and order.

Defendant, over objections of plaintiff, then offered evidence claiming that the eight persons from whom he collected the moneys owed plaintiff for credit extended them as a result of their losses in plaintiff's gambling casinos at its hotels, Cal-Neva Lodge and the Biltmore, located in Nevada. While contending he later paid these moneys to plaintiff, the court on conflicting evidence found he did not. The findings of the court adjudicate only the specific issues set forth in the pretrial conference order.

Assuming, as we must for this appeal, that defendant collected but withheld from plaintiff the moneys due and belonging to the latter, defendant nevertheless contends he is not legally obligated to pay plaintiff. Although the laws of Nevada permit licensed gambling, defendant contends any suit in California to recover money collected as a result of credit extended in engaging in games of chance would be contrary to good morals and against public policy and welfare. He relies on Civil Code, sections 1441 and 1667 and *Schur* v. *Johnson,* 2 Cal.App.2d 680 [38 P.2d 844]. This case was to recover sales taxes paid the State of California. The complaint on its face showed the taxes were paid as a result of plaintiff conducting a tango game in California in violation of gambling sections of the Penal Code. The court held that transactions involving a prohibited gambling game will not be enforced for the reason they are against public policy and in conflict with the welfare and morals of society. Defendant also cites *Kyne* v. *Kyne,* 16 Cal.2d 436 [106 P.2d 620], in support of the general rule above stated.

The plaintiff contends that, even assuming the debts which defendant collected for plaintiff arose out of illegal transactions between plaintiff and third parties, the test here is whether plaintiff had to rely in any way on evidence of illegal transactions to establish his case against defendant.

This is not a suit by plaintiff to collect a gambling debt from one who has participated in an illegal enterprise. None of the eight individuals originally owing the money to plaintiff are parties herein so no defense of illegality of the transaction is raised by them. The undisputed evidence is that each paid his obligation to plaintiff by delivering the money to defendant as agent for plaintiff and for the latter's use and benefit.

 The rule is well established in this state as stated in *Sparks* v. *Richardson*, 141 Cal.App.2d 286 [296 P.2d 892], wherein at page 290 the court said: " 'Although there may be some illegal features indirectly connected with a transaction involved in a suit, yet the plaintiff may recover if his cause of action is otherwise legitimate, and he can make out his case without calling to his aid the illegal agreement. The test of whether the demand can be enforced at law is whether the plaintiff requires the aid of the illegal contract to establish his case.' " See 12 California Jurisprudence 2d 298, § 98; *Berka* v. *Woodward*, 125 Cal. 119, 127 [57 P. 777, 73 Am. St.Rep. 31, 45 L.R.A. 420].

*Schur* v. *Johnson, supra,* relied on by defendant, further states at pages 683-684: "It has been said that the test of its application is whether the plaintiff can establish his case otherwise than through the medium of an illegal transaction to which he himself is a party." To the same effect is *Kyne* v. *Kyne, supra,* at page 440, and *Wise* v. *Radis,* 74 Cal.App. 765, 776 [242 P. 90].

 Pursuant to the limited issues before the court plaintiff established that defendant, as its agent, collected moneys for its use and benefit and had failed to pay them to plaintiff. This is a legitimate cause of action and plaintiff established its case without aid of any illegal agreement or transaction. Defendant's duty to pay plaintiff arises not from any such enterprise but from a separate agreement to collect for and pay to his principal the moneys in question.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.