[Civ. No. 3745. First Appellate District, Division One.—January 20, 1921.]

ELEANOR H. WILLEY, Respondent, v. HARRY E. WILLEY, Appellant.

[1] DIVORCE—DESERTION—FAILURE TO PROVIDE—PLEADINGS—ISSUES—ALIMONY—EVIDENCE—FINDINGS—JUDGMENT.—In a contested action for divorce upon the grounds of desertion and willful failure to provide the issues are made by the pleadings taken as a whole, and where the pleadings show the plaintiff to be entitled to alimony from the defendant if the averments of her complaint are supported by the proofs in the case, the trial court, upon finding such averments to be supported by the evidence, has the power to award the plaintiff alimony, based upon her necessities and the defendant's financial ability to relieve them, notwithstanding the prayer of her complaint is only for divorce, for certain sums as attorney's fees and costs, and for a specified sum per month "as temporary alimony pending the trial" of the action.

APPEAL from a judgment of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Collamer A. Bridge for Appellant.

No appearance for Respondent.

RICHARDS, J.—This is an appeal upon the judgment-roll from a portion of an interlocutory decree in an action for divorce. The complaint in said action is in two counts, one founded upon the charge of desertion, and the other upon the defendant's willful failure to provide for plaintiff the common necessaries of life. In this latter count of her complaint the plaintiff alleges that the defendant has for a long time been employed in various positions in which he has been receiving salaries amounting to two hundred dollars or more a month; that the plaintiff has no means whatever and is in such physical condition as to render it impossible for her to accept employment of any kind so as to properly support herself or prosecute this action; that the sum of seventy-five dollars a month is a reasonable sum for temporary alimony, and certain other sums are reasonable for attorney's fees and costs. The prayer of her complaint is for divorce, and it embraces the further prayer for an order of court that the defendant "pay to the plaintiff the sum of seventy-five dollars per month as temporary alimony pending the trial of this action," and certain other sums for attorney's fees and costs.

The defendant's answer by specific denials puts in issue the foregoing averments of the plaintiff's complaint, and he also presents a cross-complaint containing specifications of alleged cruelty on the part of the plaintiff, and praying for a divorce on his part. To this the plaintiff answered with specific denials, and in her said answer prayed for general equitable relief.

A trial ensued, at the conclusion of which the court made its findings in plaintiff's favor on both counts of her complaint, and thereupon entered its interlocutory decree in the following form:

"Wherefore, it is ordered, adjudged and decreed that the said plaintiff is entitled to a divorce from defendant; that when one year shall have expired after the entry of this interlocutory judgment a final judgment and decree shall be entered granting a divorce herein, wherein and whereby the bonds of matrimony heretofore existing between said plaintiff and said defendant shall be dissolved, and at that time the court shall grant such other and

further relief as may be necessary to complete disposition of this action.

"And it is further ordered, adjudged and decreed that the defendant pay to the plaintiff as alimony the sum of thirty ($30) dollars per month, said sum to be paid on or before the 10th day of each and every calendar month, commencing with the first day of August, 1918."

[1] The appellant has taken this appeal from that portion of the above interlocutory decree which awards alimony to the plaintiff, and his contention upon this appeal is that the trial court was not entitled upon the pleadings and issues in the case to award the plaintiff alimony in its said interlocutory decree. This contention on the appellant's part is based upon his claim that the plaintiff in her prayer in her complaint limited her demand for alimony to "temporary alimony pending the trial of this action," and by so doing limited not only the issues in the case, but the power of the court to deal with the subject of alimony in making its interlocutory decree.

This contention is utterly without merit, and finds no support in the authorities which the appellant refers to as sustaining it. The issues in cases of this character are made by the pleadings taken as a whole, and these show the plaintiff to be entitled to alimony from the defendant if the averments of her complaint were supported by the proofs in the case. The findings of the court show them to have been thus supported. It is true that the plaintiff in the prayer of her complaint referred only to "temporary alimony," but this did not limit the power of the court to grant her the relief to which she was entitled and which she was awarded by the court's interlocutory decree, since by that decree the court expressly retained the power to grant in its final decree "such other and further relief as may be necessary to a complete disposition of this action." It will thus be seen that the alimony which the court awarded the plaintiff in its interlocutory decree did not purport to be other than temporary alimony, which it would have been entitled to allow under the most rigid interpretation of the prayer of the plaintiff's complaint. We hold, however, that the court was not limited by the somewhat inartificially drawn prayer of the complaint as to its power to require the defendant

to pay plaintiff alimony in the action based upon charges
of desertion and failure to provide sustained by a showing
of the plaintiff's necessities and of the defendant's financial
ability to relieve them. It possessed that power under sec-
tion 137 of the Civil Code, and it also possesses the power
to modify its orders made in that respect from time to
time under its express reservation of that power, and also
under section 139 of the Civil Code. (*Soule* v. *Soule,*
4 Cal. App. 97, [87 Pac. 205]; *Mathews* v. *Mathews,* 49 Cal.
App. 497, [193 Pac. 586]; *Gaston* v. *Gaston,* 114 Cal. 545,
[55 Am. St. Rep. 86, 46 Pac. 609].)

The case of *Howell* v. *Howell,* 104 Cal. 45, [43 Am.
St. Rep. 70, 37 Pac. 770], in no way militates against
this conclusion, since in that case there was nothing in
either the complaint or judgment touching the subject of
alimony, nor was that subject presented or litigated in the
action until long after the judgment in the case had be-
come final, when the plaintiff moved the court for an
order modifying the judgment so as to award her alimony.
The supreme court rightly determined that there was noth-
ing to modify in such a judgment. There is no parity
between that case and the case at bar, since in the instant
case the issue of the right and need of the plaintiff to
alimony of some sort was raised by her pleadings, es-
tablished by her proof and found by the trial court to
exist; whereupon said court by its interlocutory decree
awarded her alimony, but in so doing expressly reserved
the power to modify its judgment in that regard in its
final decree.

The respondent has filed no brief on this appeal. Had
she done so this court would be disposed to fix a penalty
upon the defendant for having taken and prosecuted a
frivolous appeal.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.