[Civ. No. 8451. First Appellate District, Division One.—July 2, 1932.]

WINNIFRED BELLE BECHTEL, Appellant, v. WARREN A. BECHTEL, Jr., Respondent.

Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, Ernest L. Brune and Nat Schmulowitz for Appellant.

Ford & Johnson for Respondent.

THE COURT.—In the above action the trial court by its interlocutory decree granted a divorce to plaintiff on the ground of defendant's extreme cruelty. The decree awarded to plaintiff certain real property upon which the parties resided, with the contents of a dwelling-house thereon, subject, however, to the encumbrances upon the property. It further provided that defendant pay as permanent alimony the sum of $150 each month, commencing on September 1, 1930, for the period of five years, when the payments should cease. Plaintiff has appealed from portions of the decree. She claims that the court by limiting the alimony payments to the period mentioned abused its discretion, and asks that the error be corrected by this court.

Section 139 of the Civil Code provides that where a divorce is granted for an offense of the husband the court may compel him to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively, and may from time to time modify its orders in these respects. If the court orders payments of alimony at stated periods it may modify its order (*McCaleb* v. *McCaleb*, 177 Cal. 147, 149 [169 Pac. 1023]; *Wolff* v. *Wolff*, 102 Cal. 433 [36 Pac. 767, 1037]), and the amount may be increased or diminished (*Ex parte Spencer*, 83 Cal. 460 [17 Am. St. Rep. 266, 23 Pac. 395]; *Soule* v. *Soule*, 4 Cal. App. 97 [87 Pac. 205]; *Duffey* v. *Duffey*, 79 Cal. App. 734 [251 Pac. 218]). Furthermore, it may make the order for a limited period (*Brown* v. *Brown*, 206 Cal. 7 [272 Pac. 1052]). But this is not conclusive upon its power to require payments to be made after the expiration of the period or to increase the amount (*Smith* v. *Superior Court*, 89 Cal. App. 177 [264 Pac. 573]); and no reservation of power to modify its order need be contained in the decree (1 Cal. Jur., Alimony, p. 1032; *Soule* v. *Soule, supra*).

The award made was not in the circumstances unreasonable; and it is clear from the foregoing that the court may modify its order by requiring, if necessary, suitable payments to be made after the expiration of the five-year period notwithstanding the limitation contained in the decree. No abuse of discretion has been shown, and the decree should be affirmed.

The portions of the decree appealed from are affirmed.