[Civ. No. 2829.   Fourth Dist.   Nov. 15, 1941.]

MURRAY INNES, Respondent, v. CHARLES J. McCOL-
GAN, as Franchise Tax Commissioner, etc., Appellant.

Earl Warren, Attorney General, and H. H. Linney and Valentine Brookes, Deputies Attorney General, for Appellant.

Irve C. Boldman and Bertrand L. Comparet for Respondent.

MARKS, J.—This is an appeal from a judgment requiring defendant, as Franchise Tax Commissioner of the State of California, to pay plaintiff the sum of $107.58. This sum represented a claimed overpayment under protest of $48.82, plus $8.84 interest, on plaintiff's income tax for 1935, and $36, plus $4.36 interest, claimed overpayment on his income tax for 1936, together with $9.56 accrued interest on those amounts.

The facts of the case are not in dispute nor are they involved. Plaintiff and Katherine D. Innes were formerly husband and wife. They had three children. Mrs. Innes was awarded an interlocutory decree of divorce from plaintiff in 1926, and a final decree in 1927. By the decree he was required to pay her $300 per month for the support of herself and their three children, subject to further order of the court. In 1935, or shortly before, differences arose between plaintiff and his former wife over the payment of this money which was adjusted by agreement between the parties.

Under date of May 8, 1935, plaintiff and Mrs. Innes entered into a written contract whereby plaintiff agreed to pay to Murray Innes, Jr., their son, as trustee, the sum of $25,000 in trust, the income, and such of the *corpus* as might be

necessary, to be used to pay Mrs. Innes $200 per month for her support during the balance of her life. Plaintiff retained no control over the trust or the trust funds, nor was he obligated to pay her anything if the trust funds became exhausted during her lifetime. After her death the unexpended balance of the *corpus* of the trust was to be divided between the children.

The trust agreement contained the following covenants on the part of Mrs. Innes:

"The party of the second part hereby releases the party of the first part of and from all claims and demands of every name and nature including any claim or cause or causes of action in favor of herself or any of her children against the party of the first part, and covenants and agrees to obtain and procure from each and all of the said three children a general release to the party of the first part; and she further covenants and agrees to cause the dismissal, discontinuance and release of any action or proceeding now pending involving any claim for alimony or support for herself or support, maintenance and education of any of the said three children accrued or to accrue in the future, if any. Said party of the second part also covenants and agrees to consent to the making and entry of any Order or Decree in any action now pending to carry out the provisions of this agreement, including the entry of any Order or Decree modifying or striking out from the Final Decree of Divorce of any provision for alimony, support, maintenance and education contained in said Final Decree of Divorce, and to make, execute, and deliver all other necessary or proper papers or consents to carry out each and all of the provisions of this agreement. . . .

"Concurrently with the payment of said sum of twenty-five thousand dollars ($25,000) to said Murray Innes, Jr., as hereinabove provided, the party of the second part agrees to execute and deliver to the party of the first part a duly acknowledged satisfaction of the provisions of the decree of divorce hereinabove referred to requiring the payment of money."

Plaintiff paid the $25,000 to Murray Innes, Jr., and concurrently Mrs. Innes executed a satisfaction of judgment, which reads in part as follows:

"Now, therefore, in consideration of the premises and the payment by defendant (Murray Innes) for the account of plaintiff (Katherine D. Innes) of the sum of Twenty-five Thousand Dollars ($25,000.00) receipt whereof is hereby acknowledged, full satisfaction is hereby acknowledged of a certain judgment rendered and entered in said Superior Court in the said action on the 28th day of April, 1927, in favor of Katherine D. Innes, Plaintiff, and against Murray Innes, Defendant, for the sum of $300.00 per month as a suitable allowance for the support of plaintiff and the support and maintenance of the children of plaintiff and defendant, beginning May 1, 1926, and thereafter on the first day of each and every month until further order of the court . . . and the plaintiff hereby authorizes and directs the clerk of said court to enter satisfaction of record of said judgment in the said action."

This was not presented to the superior court which had granted the divorce until 1937. On October 12, 1937, that court struck out the portions of the decree requiring plaintiff to pay Mrs. Innes the support money.

Plaintiff did not include the income from the trust funds in his personal income tax returns for the years 1935 and 1936. After proceedings duly had he was charged with this income and the amount of his tax increased in the amounts already mentioned.

The sole question here for decision is whether the income from the trust funds for the years 1935 and 1936 was properly charged to plaintiff.

The California Personal Income Tax Act [Deering's Gen. Laws, 1937, Act 8494] in many respects closely follows the provisions of the Federal Income Tax Law. The definitions of gross income are similar in both enactments so we may presume that the California law was adopted with the definition in mind that the federal courts had placed on gross income. (*Union Oil Associates* v. *Johnson*, 2 Cal. (2d) 727 [32 Pac. (2d) 360, 43 Pac. (2d) 291, 98 A. L. R. 1499].) Therefore, we will look to the decisions of the federal courts to determine the definition of gross income in cases identical with or similar to the one we have here. The following decisions of the Supreme Court of the United States are determinative of that issue: *Gould* v. *Gould*, 245 U. S. 151 [38 Sup. Ct. 53, 62 L. Ed. 211]; *Old Colony Trust Co.* v. *Commissioner of*

*Internal Revenue,* 279 U. S. 716 [49 Sup. Ct. 499, 73 L. Ed. 918]; *United States* v. *Boston & Maine R. Co.,* 279 U. S. 732 [49 Sup. Ct. 505, 73 L. Ed. 929]; *Douglas* v. *Willcuts,* 296 U. S. 1 [56 Sup. Ct. 59, 80 L. Ed. 3, 101 A. L. R. 391]; *Helvering* v. *Fitch,* 309 U. S. 149 [60 Sup. Ct. 427, 84 L. Ed. 665]; *Helvering* v. *Clifford,* 309 U. S. 331 [60 Sup. Ct. 554, 84 L. Ed. 788]; *Helvering* v. *Fuller,* 310 U. S. 69 [60 Sup. Ct. 784, 84 L. Ed. 1082]; *Helvering* v. *Leonard,* 310 U. S. 80 [60 Sup. Ct. 780, 84 L. Ed. 1087].

These decisions establish two rules of law that must be controlling here. They are: Where the income from the trust fund is paid to the wife to discharge a continuing obligation of the husband to the wife the income from the trust is gross income of the husband and is chargeable and taxable to him. Where the *corpus* of the trust is transferred by the husband to the trustee without any reserved rights over or in it and is a present and full discharge of all present or future obligations to pay the wife anything and there is no existing valid court order requiring future payments by the husband to the wife for her support the income from the trust is gross income of the wife and is not chargeable to the husband and he is not required to pay any income tax upon it. We must apply those rules to the facts of the instant case under the law in California to determine the correctness of the assessment of the income of the trust to plaintiff.

Of course as between plaintiff and his divorced wife the documents they executed on May 8, 1935, and the payment of $25,000 into the trust fund, constituted a complete release by the wife of the obligation of the husband to support her insofar as that result could have been accomplished by a contract between them. Had the wife, by execution or otherwise, obtained further money from the plaintiff under the support provisions of the divorce decree it is probable that the plaintiff would have had his remedy against her for the damages suffered, recoverable in an action for breach of contract. But this does not settle the question we have here. The really important question is the obligation of the superior court to modify the decree of divorce by striking from it the provisions for the payment of support money by plaintiff to his former wife in accordance with their agreement. One of the children was a minor of the age of twenty years on

May 8, 1935. Of course the mother could not legally release plaintiff from his obligation to support this son during his minority. As the parties do not argue this question we will give it no further consideration.

Section 139 of the Civil Code gives the superior court power to require a husband to provide support for his divorced wife and the children of the marriage and from time to time to modify such orders for support where a divorce is granted for an offense of the husband. In *Johnson* v. *Johnson,* 104 Cal. App. 283 [285 Pac. 902], it is said:

"When the court awards alimony to an innocent wife it is not bound by the terms of a contract between the parties either as to its amount or its duration. The power to make the award is drawn from the terms of the statute and not from the agreement of the husband and wife. It follows that the power to modify the award of alimony either as to amount, duration, or time and manner of payment is inherent in the court unhampered by the terms of any contract which the parties might have entered into providing for the payment of any such alimony when it is given in the order or decree as maintenance only. (*Smith* v. *Superior Court,* 89 Cal. App. 177 [264 Pac. 573]; *Soule* v. *Soule,* 4 Cal. App. 97 [87 Pac. 205]; *Gates* v. *Gates,* 54 Cal. App. 407 [202 Pac. 151]; notes, 58 A. L. R. 639.)" The case of *Smith* v. *Superior Court, supra,* is direct authority for the foregoing rule announced in the Johnson case, where it may be *dicta.*

It would therefore seem clear that the superior court was not required by law to modify the divorce decree in accordance with the stipulation but was vested by the law of the state with a discretion empowering it to decide the question of the modification of the decree independent of and contrary to the agreement of the parties. This being true, it follows, as the divorce decree was not modified until after December 31, 1936, the last day of the last tax year in question here, that during the years of 1935 and 1936 there remained in full force and effect a decree of court requiring plaintiff to pay his former wife three hundred dollars per month, which on the face of the decree created a valid and binding obligation on the part of plaintiff to pay Mrs. Innes this money until that decree was modified by order of court.

Under the authorities already cited, we must hold that the income from the trust fund was used to satisfy this obli-

gation and was chargeable to plaintiff. It follows that the Franchise Tax Commissioner properly assessed the income from the trust fund to plaintiff and collected the taxes on that income from him, and that he cannot recover them.

The judgment is reversed.

Barnard, P. J., and West, J. *pro tem.*, concurred.