[Civ. No. 15706.   First Dist., Div. Two.   Mar. 24, 1954.]

LOIS ELIZABETH BARRY, Appellant, v. WILLIAM J. BARRY, Respondent.

Sapiro and Sapiro, Allan Sapiro and Warren Sapiro for Appellant.

Delany, Fishgold & Minudri and Molly H. Minudri for Respondent.

KAUFMAN, J.—Plaintiff, Lois Elizabeth Barry, appeals from an order denying her motion to vacate an interlocutory judgment and decree of divorce. The motion was made pursuant to section 473, Code of Civil Procedure.

Lois Elizabeth Barry and William J. Barry were married in 1934. Both became insurance brokers and developed a business, which according to Mrs. Barry, amounted to approximately $8,500 a year from renewal premiums alone. Marital difficulties arose in 1951 and the husband suggested that the wife contact his lawyer. The husband's attorney prepared a complaint on behalf of the wife and a property settlement agreement which the wife signed in the attorney's office. The complaint, which was filed on August 10, 1951, listed the items of community property, and alleged the extreme cruelty of the husband as the grounds of divorce.

Immediately thereafter the wife called the husband's attorney and directed him to do nothing about the divorce. Acting through new counsel, she filed an amended complaint for divorce on August 21, 1951, and repudiated the property settlement agreement having been advised that it was improper since she did not have independent legal advice. The amended complaint also listed the items of community property and asked a decree of divorce on the ground of the husband's extreme cruelty, asked that the wife be awarded temporary and permanent alimony and the community property. The property consisted of a house in San Francisco, household furniture, an automobile, bank deposit, life insurance policies on the life of defendant with face value of over $18,500—the cash value is not stated—against one of which was a loan of $1,537, one policy on the life of plaintiff in the face value of $1,000 with a loan of $250.

On August 30, 1951, an order for alimony pendente lite, costs and counsel fees was made in a hearing before the court

at which parties were present. Alimony of $135 per month was granted, $35 of which was to take care of payments on the home, and appellant was given the right to reside in the home.

On September 28, 1951, the husband filed an answer denying the allegations of the amended complaint and a cross-complaint seeking a divorce from plaintiff on the ground of her extreme cruelty. The cross-complaint listed the same community property, but in the case of four of the insurance policies alleged that they had no cash value, and in addition listed jewelry of a value of $1,000. The home was subject to a mortgage of $4,000, and the automobile to a $1,200 mortgage, the furniture, to a loan of $300.

On February 1, 1952, the action was tried, both parties being present. The wife testified that her husband left her alone on Saturdays and Sundays when he went golfing, that she had to cook dinner for his mother every Saturday night, that they went to night school together and both obtained insurance brokers' licenses, that now that the business had developed to the point where it paid a good income he moved the business away so that she was receiving no benefits. Consequently, she stated that she had become nervous and upset.

The attorney for the wife then stated that it had been stipulated between the attorneys for the parties that the home was to go to the defendant, that the household furniture was to go to plaintiff, but not the office furniture. The automobile was to be awarded to defendant and Mrs. Barry was to receive the sum of $9,000 cash in 90 days, plus $100 a month for a period of 10 months, the $100 a month to continue as it had been from the order to show cause.

The interlocutory decree which was entered on February 26, 1952, divided the community property as follows: To the husband, the home at 1483-31st Avenue, San Francisco, the insurance business and office furniture, the 1950 Plymouth sedan, all insurance policies on the life of the husband; to the wife, the sum of $9,000, an additional sum of $1,000 payable in installments of $100 per month for a period of 10 months, the household furniture, an insurance policy on the life of the plaintiff, all jewelry in plaintiff's possession. Defendant was also ordered to pay attorney fees to plaintiff's attorney.

On August 26, 1952, the plaintiff filed notice of motion to vacate the judgment on the grounds of mistake and inadvert-

ence in that she believed she had not waived her right to future alimony, support and maintenance and excusable neglect, because she was ill at the time of the hearing and unable to understand the full meaning of the proceedings. This motion was heard by the court on September 19, 1952, and order denying the motion was entered on October 10, 1952.

At the hearing on the motion to vacate, Mrs. Barry testified that just prior to the hearing her counsel informed her of the proposed payment of $9,000 plus the monthly payments. She stated that she had understood she would continue to live in the house, and that she did not understand that she had waived alimony but thought she retained her right to the same. She did not realize until July, 1952, that the interlocutory decree did not provide for alimony.

Appellant contends that the interlocutory decree in effect contained a provision for alimony in that it provided for a $9,000 lump sum payment and an additional sum of $100 per month for 10 months. She had asked for alimony in her complaint and had been awarded temporary alimony of $100 per month. She notes that her attorney at the trial stated that "The $100 a month to continue as it has been from the order to show cause." But in the sentence just preceding this he had twice referred to the $100 a month for a period of 10 months. It is contended that the fact that the provision for $100 a month is set forth in a paragraph separate from the $9,000 provision supports the theory that it is alimony. That paragraph provides for "an additional sum of $1,000.00, said sum to be paid in installments of $100 per month for a period of 10 months." Appellant argues that this provision should be construed as alimony in that it is separate and severable from the portion of the decree awarding the community property payment to the wife—that the $9,000 is the community property settlement. However, the $9,000 sum is item 2, the $1,000 sum, item 3, and following that are six other items of community property awarded to one party or the other.

Appellant cites *Brown* v. *Superior Court*, 110 Cal.App. 464 [294 P. 428], but in that case the interlocutory decree provided for a continuance of the provisions of the order for maintenance pendente lite. And in *Bechtel* v. *Bechtel*, 124 Cal.App. 617 [12 P.2d 970], the court had decreed permanent alimony of $150 per month for a period of five years beginning September 1, 1930, and plaintiff appealed from this portion of the

decree, claiming an abuse of discretion. The decree was affirmed, and the court stated that where the court orders payments of alimony at stated periods it may modify its order. In both of these cases there was no question but that the interlocutory decree had definitely awarded alimony.

It has been held in this state that when the question of alimony is an issue in a divorce, and the decree of divorce expressly provides that there shall be no alimony or where it neither awards alimony to the wife nor reserves the right thereafter to make an allowance for her support, the husband is permanently relieved from the obligation. (*O'Brien* v. *O'Brien*, 124 Cal. 422 [57 P. 225]; *O'Brien* v. *O'Brien*, 130 Cal. 409 [62 P. 598]; *Harlan* v. *Harlan*, 154 Cal. 341 [98 P. 32]; *McClure* v. *McClure*, 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257].)

Appellant maintains that the wife was given permission to live in the home, and such permission was an award of additional support and maintenance. (*Fairchild* v. *Fairchild*, 87 Cal.App.2d 172 [196 P.2d 60].) The interlocutory decree, however, awarded the home to defendant and there is nothing in said decree giving the wife permission to occupy it. She may have been given permission to occupy it at the time of the hearing on the order to show cause when alimony pendente lite was granted, as stated in appellant's brief, but no such provision is contained in the interlocutory decree.

Respondent contends that appellant's motion to set aside and vacate the interlocutory decree was not made within the six months as provided in section 473, Code of Civil Procedure. In no case, under this section, may the application be made at a time later than six months from the date of the decree. The interlocutory decree was entered on February 26, 1952. Later, on August 26, 1952, appellant filed a notice of motion under section 473 to vacate said judgment, stating that "on the 4th day of September, 1952 . . . or as soon thereafter as counsel can be heard . . . plaintiff . . . will move the Court to set aside and vacate that interlocutory decree of divorce." On September 19, 1952, the motion was actually made before the court. This was more than six months after the entry of the interlocutory decree of divorce.

It appears that respondent's contention must be upheld for it was settled at the time this motion was made that it was not sufficient that notice of motion should be given within the six months' period that a motion would be made after the six

months. The motion itself must be made and the action of the court requested on it within the six months. (*In re Morehouse*, 176 Cal. 634 [169 P. 365]; *Estate of Hunter*, 99 Cal. App. 191, 196 [278 P. 485]; *Brownell* v. *Superior Court*, 157 Cal. 703 [109 P. 91]; *Estate of Corcofingas*, 24 Cal.2d 517, 521 [150 P.2d 194].) This rule demands an affirmance of the order of the trial court denying the motion to vacate the interlocutory decree.

Appellant's contention that the 1953 amendment to section 1005.5, Code of Civil Procedure, made his motion timely because that amendment provides that "A motion . . . is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion." However, section 3, Code of Civil Procedure, provides: "No part of it is retroactive, unless expressly so declared." (See *Security First Nat. Bank* v. *Sapkin*, 19 Cal.App. 2d 224 [64 P.2d 1097, 66 P.2d 656].)

Our Supreme Court in *Schmitt* v. *White*, 172 Cal. 554 [158 P. 216], held, "It is uniformly held that a change in the law extending the time in which a proceeding may be commenced will not be considered as operating to create a new right as to one where the time under the old law had already expired, that is, at least, unless the intent to accomplish this is very clearly manifested."

It is a general rule that it is the province of an appellate court to review the judgment of an inferior court as of the time when it was rendered, and to decide whether the judgment or order made by the court below was correct or erroneous at the time it was made or rendered. This is in accord with the rule that the courts do not usually give statutes a retroactive effect. (See 2 Cal.Jur. § 572, p. 972, and cases there cited.)

Appellant's final argument is that the decree made an inequitable division of the community property, for under section 146 of the Civil Code in the cases of extreme cruelty the disposition of the community property is left to the discretion of the trial court, but as a general rule more than half is awarded to the innocent spouse. (*Knapp* v. *Knapp*, 23 Cal. App. 10 [136 P. 719]; *Hill* v. *Hill*, 82 Cal.App.2d 682 [187 P.2d 28].) In *Gaeta* v. *Gaeta*, 102 Cal.App.2d 87 [266 P.2d 619], it was held that the failure to award more than half to the innocent spouse was an abuse of discretion.

Appellant has not clearly shown that she received less than half of the community property. She received $10,000 cash, the household furniture subject to a loan of $300 and

insurance policies in her name. Respondent received the home subject to a $4,000 mortgage, the automobile subject to a $1,200 mortgage, insurance policies only one of which, he asserts, had a cash surrender value and against which the maximum had been loaned. The value of the insurance business depended upon his individual earning power. It is impossible from an examination of the record for this court to say that appellant received less than 50 per cent of the community property. Furthermore, the evidence of cruelty in this case was slight. (See *Nieri* v. *Nieri*, 103 Cal.App.2d 208 [229 P.2d 126].)

The amount of the award in excess of 50 per cent of the community property rests largely in the discretion of the trial court. (*LeFiell* v. *LeFiell*, 108 Cal.App.2d 321, 324 [239 P.2d 61]; *Cash* v. *Cash*, 110 Cal.App.2d 534 [243 P.2d 115].)

In our opinion the 1953 amendment to section 1005.5, Code of Civil Procedure, cannot be given a retroactive effect so as to make a motion timely that was made too late under the law as it existed at the time the motion was made.

While the court below correctly denied the motion because it was made too late its denial must also be upheld because the record does not disclose any abuse of discretion.

Order affirmed.

Nourse, P. J., and Dooling, J., concurred.