[Civ. No. 20899.   Second Dist., Div. Three.   June 29, 1955.]

HARRY B. SIMPSON, Respondent, v. GRACE E. SIMPSON, Appellant.

Allard, Shelton & O'Connor for Appellant.

Walker W. Downs for Respondent.

ASHBURN, J. pro tem.*—Divorce action. The wife appeals from an interlocutory judgment in her favor, confining her claim of error to the phase of the decree which limits to 28 months the period of alimony payments—with no express reservation of jurisdiction to modify the award.

All property matters were adjusted by a mutually satisfactory property settlement agreement, approved by the court, which gives appellant occupancy of the home worth $18,000 to $20,000 until her remarriage or death. The custody of a 13-year-old boy is awarded to appellant and the husband ordered to pay to the wife for his support $100 a month. She is awarded alimony of $200 per month from April 1, 1954, to January 1, 1955, inclusive, and thereafter "the sum of $100 per month and continuing said payments until the payment of July 1, 1956 has been made. When said alimony payments have all been paid as herein provided the obligation of the cross-defendant [husband] to pay alimony shall terminate."

---

*Assigned by Chairman of Judicial Council.

This is 10 months at $200 per month and 18 more months at $100 each. Appellant does not complain of the amount awarded for her for the 10 months or for the 18-month period. Her counsel says: ''The sole issue presented on this appeal is the propriety of that part of the judgment terminating alimony at the end of twenty-eight months.

''The appellant respectfully contends that the failure of the trial court to retain jurisdiction to later modify or revoke alimony was not reasonable and was, in fact, an abuse of discretion.'' And: ''Because jurisdiction is not reserved, the court will lose the power to award alimony after the twenty-eighth month unless the judgment is reversed. When the judgment becomes final, the wife can enforce no obligation against the husband not imposed by the court at the time of the judgment.''

Section 139 Civil Code expressly confers on the court discretion to limit the period of alimony payments and power to modify the award from time to time. It says: '' . . . [T]he court may compel the party against whom the decree or judgment is granted to make such suitable allowance for support and maintenance of the other party for his or her life; or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties. . . . That portion of the decree or judgment making any such allowance or allowances, and the order or orders of the court to enforce the same may be modified or revoked at any time at the discretion of the court except as to any amount that may have accrued prior to the order of modification or revocation.''

As construed by the courts this section does not extend the court's power to the making of an award after judgment becomes final without any mention of alimony or with an express denial of same, unless jurisdiction is expressly reserved for that purpose. (*Wilson* v. *Superior Court,* 31 Cal.2d 458, 464 [189 P.2d 266]; *McClure* v. *McClure,* 4 Cal.2d 356, 359 [49 P.2d 584, 100 A.L.R. 1257]; *Barry* v. *Barry,* 124 Cal.App.2d 107, 111 [268 P.2d 147].) Nor does the power survive the expiration of the limitation of time contained in the decree awarding alimony. (*Tolle* v. *Superior Court,* 10 Cal.2d 95, 97 [73 P.2d 607]; *Long* v. *Long,* 17 Cal.2d 409, 410 [110 P.2d 383].) But when an award has been made for a limited period, the court has by virtue of the statute a continuing jurisdiction to modify the same in any respect; no express reservation of jurisdiction is necessary; and

no attempted abnegation of the power is effective. (*Bechtel* v. *Bechtel,* 124 Cal.App. 617, 618 [12 P.2d 970] ; *Soule* v. *Soule,* 4 Cal.App. 97, 100-101 [87 P. 205] ; *Gates* v. *Gates,* 54 Cal.App. 407, 410-414 [202 P. 151] ; *Harrold* v. *Harrold,* 100 Cal.App.2d 601, 605 [224 P.2d 66].) The theory of these rulings is stated in the Soule case, *supra,* at page 100, where, referring to section 139 Civil Code, it is said: ''This statutory provision enters into every decree in an action for divorce which provides for the payment by the husband of an allowance for the support of the wife, as fully as though it should be incorporated into the terms of the decree. The authority of the court to modify its decree in this respect does not depend upon a reservation therefor in the decree itself, but exists by virtue of a statute, and being conferred upon the legislature, it is beyond its power to devest itself of such authority. (*Campbell* v. *Campbell,* 37 Wis. 706.)'' And in *Gates* v. *Gates, supra,* at page 411 as follows: ''That the interlocutory judgment had become final before the modification was made does not render said section 139 inapplicable. The provision rests upon the theory that the trial court has a continuing jurisdiction in reference to such award. Its authority is not exhausted by the original order, nor is it foreclosed by the expiration of the time for an appeal.

''It is equally plain that the court is not required by express provision to reserve the authority to modify the award in order to justify such action. The language of said section becomes a part of the original order as though written therein. The section itself *reserves* to the court the authority to modify the allowance.''

The Bechtel holding is directly in point here. Alimony was awarded for a period of five years and plaintiff appealed from the interlocutory judgment containing that provision. Upon appeal it was claimed ''that the court by limiting the alimony payments to the period mentioned abused its discretion,'' and appellant asked ''that the error be corrected by this court.'' (P. 618.) After reviewing the authorities the court concluded: ''The award made was not in the circumstances unreasonable; and it is clear from the foregoing that the court may modify its order by requiring, if necessary, suitable payments to be made after the expiration of the five-year period notwithstanding the limitation contained in the decree. No abuse of discretion has been shown, and the decree should be affirmed.''

The Bechtel case was distinguished in *Tolle* v. *Superior Court, supra,* 10 Cal.2d 95, 97, 98, and in *Long* v. *Long, supra,*

17 Cal.2d 409, 410, but not overruled. In both of those cases the application was made after the time for alimony payments had expired and after the court's power had been exhausted. Such was the holding in each instance. In the Tolle case, *supra,* it is said at page 98: "Two authorities strongly relied on by the respondents may be distinguished as not applicable to the cause here, for the orders there under consideration were not made after the judgments providing for alimony had been fully executed, as in this case." The reference is to *Smith* v. *Superior Court,* 89 Cal.App. 177 [264 P. 573] and *Bechtel* v. *Bechtel, supra,* 124 Cal.App. 617, 618. Concerning the latter case it is further said: "The decree was affirmed, but, in discussing the case, and without even referring to the period of limitation, the court held that the lower court might modify its order (for alimony) by requiring, if necessary, suitable payments to be made after expiration of the five-year period, notwithstanding the limitation contained in the decree. The question of whether or not such modification might be made after the termination of the five-year period was not considered." In *Long* v. *Long, supra,* 17 Cal.2d at 410: "Appellant, relying on *Smith* v. *Superior Court,* 89 Cal.App. 177 [264 P. 573], and *Bechtel* v. *Bechtel,* 124 Cal.App. 617 [12 P.2d 970], contends that the above section confers on the court an express power to modify an alimony decree even though the alimony was awarded for a limited time, which has expired, and the decree did not contain a reservation of jurisdiction.

"This contention is answered adversely and the authorities relied on are distinguished in *Tolle* v. *Superior Court,* 10 Cal.2d 95 [73 P.2d 607], which holds that if the court provides for alimony payments for a definite term without reserving the right to change or modify the term, the court has no power to make further allowance for the wife's support after such alimony has been paid and the final decree has been entered." The effect of the Tolle and Long cases is to sustain the ruling of the Bechtel case so far as it applies to an application made before expiration of the limited period. This view is consistent with the statute and the numerous cases which have cited and applied the Soule decision[1] without any criticism of

---

[1] See *Mathews* v. *Mathews,* 49 Cal.App. 497, 499 [193 P. 586]; *Cummings* v. *Cummings,* 97 Cal.App. 144, 147 [275 P. 245]; *Johnson* v. *Johnson,* 104 Cal.App. 283, 287 [285 P. 902]; *Willey* v. *Willey,* 51 Cal. App. 124, 127 [196 P. 101]; *Johnson* v. *Superior Court,* 128 Cal.App. 584, 587 [17 P.2d 1055]; *Innes* v. *McColgan,* 47 Cal.App.2d 781, 786 [118 P.2d 855]; *Baxter* v. *Baxter,* 3 Cal.App.2d 676, 682 [40 P.2d 536].

it or its logic. Indeed a recognition of a right to modify within the limited period is necessary in order to preserve vitality to the statutory phrase "That portion of the decree or judgment making any such allowance or allowances . . . may be modified or revoked at any time at the discretion of the court." (§ 139.)

It follows that there was no error in the court's failure to insert an express reservation in the interlocutory judgment in this case. Jurisdiction is automatically reserved to make any appropriate modification before the expiration of the prescribed period, namely, before July 1, 1956.

Of course a showing of changed circumstances is necessary to the procuring of any such modification. (*Ralphs* v. *Ralphs*, 86 Cal.App.2d 324, 325 [194 P.2d 592].) That may or may not occur in this instance within the time limit. Counsel for appellant seem to argue the possibility of a need of modification after July 1, 1956, perhaps years after, and from that standpoint seem to claim that an award limited to 28 months is *per se* an abuse of discretion. This is a difficult position to sustain, for the statute (§ 139) expressly authorizes an award for a period less than life and it is firmly established that the court has a broad discretion in the matter. *Newbauer* v. *Newbauer*, 95 Cal.App.2d 36, 39-40 [212 P.2d 240]: "However it is the settled rule that in making an award of alimony the trial court has a wide discretion. 'Before the appellate courts will interfere, it must be made clearly and affirmatively to appear upon the face of the entire record in the case that this discretion has been abused.' (*Baldwin* v. *Baldwin*, 28 Cal.2d 406, 413 [170 P.2d 670] ; 1 Cal.Jur. 1012.) The code itself recognizes the right of the trial court to award alimony to an innocent wife 'during her life or for a shorter period as the court may deem just.' (Civ. Code, § 139.) . . .

"That the members of this court might have been more liberal is not the test. The discretion was the trial judge's, not ours ; and we can only interfere if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did. (*Fillmore* v. *Fillmore*, 74 Cal.App.2d 418 [168 P.2d 725] ; *Cozzi* v. *Cozzi*, 81 Cal.App.2d 229 [183 P.2d 739] ; *Furniss* v. *Furniss*, 75 Cal.App.2d 138 [170 P.2d 486].) "

A brief résumé of the facts will disclose that there was no abuse of discretion here. Appellant suffers and long has suffered from a congenital low back condition that causes fatigue and pain after prolonged exertion. She is an art

teacher, and worked at her vocation in the public schools for about nine years and until three months before her son was born in 1940; having married respondent in June 1938. She earned about $2,000 yearly. Her teaching credentials are in order and she had a temporary teaching position at the time of trial, working four hours a week, and making $49.25 a month "take home" pay. A hysterectomy in July 1952 improved her general health somewhat. She works some in the yard; took golf lessons about a year before the trial; has her time to herself from 8 a.m. to 3 p.m. Her present teaching does not bother her back. She testified she would not sign a contract to teach full time because she feels she has a job to do with respect to the boy,—"to make a home for him and carry on as normally as possible." At the conclusion of the evidence the trial judge stated reasons for limiting the alimony to 28 months, as follows: "I think in view of the background of the Defendant and her education, she can at least get a part-time job teaching school, and after this thing is over, and the memories about it are more or less dim, she'll be in a better frame of mind to go out for herself, and, of course, school teachers are paid much better now than they were some ten or twelve years ago. It seems to me she probably could earn $2,000, or better, per year." This court cannot say that there was any abuse of discretion.

The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.