[Civ No. 23097. Second Dist., Div. Two. Sept. 17, 1958.]

HARRY SCHRAIER, Appellant, v. BEATRICE PAULINE SCHRAIER, Respondent.

Tobias G. Klinger for Appellant.

Caras & Evangelatos for Respondent.

HERNDON, J.—The order here presented for review modifies the alimony provision of an interlocutory judgment of divorce. The judgment required the husband to pay the wife alimony in the sum of $40 per week beginning on October 19, 1956, and continuing for a period of 52 weeks. Before the expiration of the period covered by the original award the wife applied for a modification which would increase the payments to $50 per week and require their continuation "until further order of the court." Upon the hearing the trial court concluded that the wife had "failed to establish sufficient change of circumstances since the granting of the interlocutory decree, upon which to grant an order requiring [the husband] to pay continued support" but that the husband should be required to pay the nominal sum of $1.00 per month commencing on November 1, 1957, and continuing until further order of court. The husband appeals.

The essence of appellant's argument is that the evidence shows no substantial change in the circumstances of the parties, and that the lack of this requisite basis for the modification order is conclusively established by the "finding" that there was no sufficient change of circumstances to justify the extension of alimony payments except in a nominal amount. A brief review of the record will demonstrate that appellant's position is untenable.

At the time of their separation, the parties had been married more than 31 years and had two adult children. The divorce was granted to respondent wife on the ground of extreme cruelty. She was awarded 51 per cent of the community property which consisted of approximately $38,000 in cash and a few other items of personal property. At the time the divorce case was tried, appellant was earning take-home pay averaging about $80 per week. Respondent testified that she had not worked for some 14 years and that she was at that time physically unable to work by reason of extreme nervousness, arthritis and migraine headaches.

Turning now to the hearing of the modification proceeding, the testimony may be briefly summarized. Respondent testified that she still retained at least $18,000 of the approximately $19,000 which she had been awarded from the community property; that since the trial of the divorce action she had

suffered a heart attack; that her health had become further impaired with a severe worsening of her previous ailments; that due to her recurring illnesses she had been bedridden at frequent intervals with the result that her expectation of being able to find gainful employment had been defeated. Respondent's testimony with respect to the deterioration of her health was substantially corroborated by a neighbor who testified to her observation that respondent's feet were so swollen that she walked with difficulty; that at frequent intervals she was confined to her bed by her illnesses for varying periods of time, and that respondent had "aged at least 10 or 12 years in the last 6 to 8 months."

The evidence revealed that appellant also had conserved his share of the community property. His average earnings had increased from $80 to approximately $86 per week, the increase being partially attributable to the fact that he had been able to work continuously since the divorce trial whereas previously he had suffered a temporary disability. It appeared that appellant had recently acquired a new home and was contemplating remarriage.

■ Since the application for a modification was filed before the expiration of the 52-week period covered by the original award, it is not disputed that the trial court had the power to order the continuation of alimony after the expiration of said period, assuming a sufficient showing of a change in circumstances. (*Simpson* v. *Simpson,* 134 Cal.App.2d 219, 221-222 [285 P.2d 313]; *Bechtel* v. *Bechtel,* 124 Cal.App. 617, 618 [12 P.2d 970]; *Smith* v. *Superior Court,* 89 Cal.App. 177, 187-189 [264 P. 573].) ■ The trial court was entitled to give full credit to the undisputed testimony that since the rendition of the judgment respondent had suffered a heart attack and that her health had seriously deteriorated. Quite clearly this testimony alone showed a sufficient change in circumstances to justify the modification, the obvious purpose of which was to retain jurisdiction so that the court would have power in the future to make such further order as eventualities might require.

■ As we pointed out in *Bird* v. *Bird,* 152 Cal.App.2d 99, 100-101 [312 P.2d 773], "This question of making a nominal award for the purpose of retaining jurisdiction to deal with future possibilities is one which, like others pertaining to allowance of alimony, is committed to the sound judicial discretion of the trial judge." (See *Farnsworth* v. *Farns-*

*worth,* 81 Cal.App.2d 380, 383 [184 P.2d 7].) The determination of the question whether or not there has been a sufficient change of circumstances to justify the modification of an alimony award rests largely in the discretion of the trial court, and such determination will not be disturbed by a reviewing court unless an abuse of that discretion is clearly shown. (*Wilson* v. *Wilson,* 104 Cal.App.2d 167, 170 [231 P.2d 128]; *Simpson* v. *Simpson, supra,* 134 Cal.App.2d 219, 224.)

 From the evidence before it, the trial court could reasonably conclude that although the immediate circumstances of the parties were such that a substantial alimony award was not necessary, the disabling potentialities of respondent's ailments, with attending possibilities of her having to incur greatly increased expenses for medical care, were of such character as to justify a retention of jurisdiction. In view of a 31-year marriage it does not seem unreasonable for the trial court in these circumstances to reserve the power further to enforce duties arising from the marital relation as the foreseeable and unforseeable eventualities of the future may justly dictate.

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.